FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   APR 1 3 2005   ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT IACOBELLI,

                    Petitioner,

  - against -

UNITED STATES of AMERICA,

                    Respondent.
-----------------------------------------------------------X

04 CV 3275 (SJ)

**MEMORANDUM & ORDER**

APPEARANCES:

ROBERT IACOBELLI
# 57380-053
FCI Fort Dix
P.O. Box 7000 West
Fort Dix, New Jersey 08640
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201
By:   Greg D. Andres, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

    Before the Court is a motion by Robert Iacobelli ("Petitioner"), acting *pro se*, to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). For the reasons stated herein, the motion is DENIED.

## BACKGROUND

Petitioner seeks to challenge a judgment, which followed a trial by jury, convicting Petitioner of robbery, in violation of 18 U.S.C. § 1951 (the "Hobbs Act Robbery"). On March 22, 2001, this Court entered judgment sentencing Petitioner principally to 87 months of incarceration.

On his direct appeal, Petitioner's judgment of conviction was affirmed by the United States Court of Appeals for the Second Circuit (the "Second Circuit"). United States v. Amato, 31 F. App'x. 21 (2d Cir. Mar. 7, 2002). The United States Supreme Court (the "Supreme Court") denied his petition for a writ of certiorari on October 7, 2002. Iacobelli v. United States, 537 U.S. 886 (2002).

Petitioner then filed this motion, dated July 14, 2004, relying on Blakely v. Washington, 542 U.S. 296 (2004), for the claim that his Sixth Amendment right to a jury trial was violated when the Court's determination of Petitioner's sentence included adopting sentencing enhancements for possession of a firearm and for the restraint of a victim. Petitioner followed up with a July 19, 2004 supplement to his § 2255 Motion (the "July 19, 2004 Supplement"), as well as with an October 16, 2004 amendment (the "October 16, 2004 Amendment").[1]

---

[1] Petitioner also filed a motion to amend the § 2255 Motion on October 20, 2004 ("the October 20, 2004 Amendment"). He then filed a motion to withdraw the motion to amend on January 20, 2005. The motion to withdraw the October 20, 2004 Amendment is granted. However, Petitioner is on notice that should he decide once again to file with this Court a motion pursuant to 28 U.S.C. § 2255, he would need to do so in accordance with the applicable case law and statutes, particularly the requirement that a petitioner receive prior authorization from the appropriate court of appeals – in this case, the Second Circuit. See 28 U.S.C. §§ 2244, 2255.

2

# DISCUSSION

## I. The Claims Are Procedurally Barred[2]

### A. *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended federal habeas law such that habeas petitions are now generally subject to a one-year statute of limitations. Federal habeas petitions must be filed within a one-year period, which begins to run, with certain exceptions, either after the petitioner has exhausted direct appeals or after the time for seeking appellate review has expired.[3] For the purposes of 28 U.S.C. § 2255, and relevant to this case, a conviction becomes "final" when the Supreme Court denies a petition for a writ of certiorari. Clay v. United States, 537 U.S. 522, 527 (2003) (citations omitted). This limitations period may, however, be equitably tolled in rare and exceptional circumstances. Smith v.

---

[2] In addressing the present petition, the Court is mindful that Petitioner was proceeding *pro se*, and his submissions will therefore be liberally construed and read to raise the strongest arguments they suggest. See, e.g., Abrahamson v. United States, No. 03 CV 4677, 2004 U.S. Dist. LEXIS 7150, at *2-3 (S.D.N.Y. Apr. 26, 2004).

[3] Specifically, § 2255 states:
>    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>    (1) the date on which the judgment of conviction becomes final;
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

3

P-049

McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and citation omitted).

Here, Petitioner's claims are time-barred because the § 2255 Motion was filed more than one year after his conviction became final and he is not entitled to equitable tolling. His conviction became final when the Supreme Court denied his petition for a writ of certiorari on October 7, 2002. Petitioner filed his § 2255 Motion on July 15, 2004,[4] certainly well more than a year after his conviction became final. Because Petitioner has failed to demonstrate he qualifies either for an exception to the statute of limitations[5] or for equitable tolling,[6] Petitioner's § 2255 Motion is procedurally barred.

---

[4] Under the general "prison mailbox rule," Petitioner's § 2255 Motion was filed on July 15, 2004, the date on which it appears he delivered the motion to prison officials. Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001) (applying to habeas petition proceedings the Supreme Court holding in Houston v. Lack, 487 U.S. 266 (1988), "that a prisoner appearing pro se satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified").

[5] In an apparent attempt to qualify for an exception to AEDPA's statute of limitations, namely, § 2255(3), Petitioner claims he is entitled to retroactive relief under Blakely v. Washington, 542 U.S. 296 (2004), a case in which the Supreme Court, in an extension of the doctrine originally announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), struck down the Washington state sentencing guidelines for being in violation of the right to a jury trial as guaranteed under the Sixth Amendment. Id. at 305. Petitioner contends his Sixth Amendment rights were violated when the Court's determination of Petitioner's sentence included adopting the two sentencing enhancements. Petitioner relies on case law – decided subsequent to the date his conviction became final – for the position that the sentencing findings this court made by a preponderance of the evidence were constitutionally defective and must have been either admitted by Petitioner or charged in an indictment and found by a jury beyond a reasonable doubt. The case he cites to, however, is of no help to him. Blakely – or, for that matter, United States v. Booker, 543 U.S. 220 (2005), which extended the rationale of Blakely to the Federal Sentencing Guidelines ("the Guidelines") and would thus be the more applicable case to Petitioner's case – is of no avail to Petitioner because the Second Circuit has made it clear that neither Blakely nor Booker may be applied retroactively to petitioners seeking habeas corpus relief for criminal cases that became final before the Supreme Court issued the two decisions. Green v. United States, 397 F.3d 101, 102-03 (2d Cir. 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005) ("Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."). Blakely was issued June 24, 2004, while Booker was

4

### B. Claims May Not Be Re-Litigated

Moreover, Petitioner's claims regarding this Court's adoption of the two sentencing enhancements are procedurally barred on the additional ground that the Second Circuit disposed of these arguments as part of Petitioner's unsuccessful direct appeal. Amato, 31 F. App'x at 28. The law is settled that a petitioner may not employ a § 2255 petition to re-litigate claims already raised and considered on direct appeal. See United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001).

In addition, a petitioner generally may not assert a claim in a § 2255 petition that he or she failed to raise on direct appeal unless the petitioner shows cause for the omission and prejudice resulting therefrom. See Bousley v. United States, 523 U.S. 614, 622 (1998). This rule of procedural default, however, does not extend to claims of ineffective assistance of counsel, which "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct

---

issued, as noted in the parenthetical immediately above, on January 12, 2005. As mentioned, Petitioner's judgment of conviction became final when the Supreme Court denied certiorari on October 7, 2002, well before the opinions in Blakely and Booker were issued. Thus, Petitioner is not eligible for relief under either Blakely or Booker. Of course, that Blakely is not retroactive is not news to Petitioner. See Pet. July 19, 2004 Suppl. at 1.

[6] The one-year statute of limitations of AEDPA may be equitably tolled where "extraordinary or exceptional circumstances" prevented the petition from being filed in a timely manner, but only if the prisoner "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17. The burden is on the petitioner to show that the Court should toll the statute of limitations. Khan v. United States, No. 05 CV 2015, 2006 U.S. Dist. LEXIS 5192, at *15 (E.D.N.Y. Feb. 11, 2006) (citation omitted). Examples of where courts have tolled the statute include "egregious attorney misconduct, the intentional confiscation of legal papers by prison authorities, serious physical or mental illness which prevents the petitioner from filing, or where a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired." Id. at *15-16 (citation omitted). Petitioner has made no showing as to why this Court should equitably toll the statute of limitations.

appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). While Petitioner asserts in his October 16, 2004 Amendment that his trial counsel, Vincent J., Ancona, Esq. ("Trial Counsel"), was ineffective for failing to object to the firearm possession enhancement during sentencing, the Second Circuit's disposition of Petitioner's sentencing enhancements argument refutes his claim of ineffectiveness by Trial Counsel on this point.[7]

For the above-mentioned reasons, Petitioner's claims are procedurally barred.

## II. Certificate of Appealability

The only remaining issue is the question of whether to grant a certificate of appealability. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented

---

[7]Petitioner also claims Trial Counsel was ineffective for failing to raise an objection during sentencing based on Apprendi, where the Supreme Court held that, with the exception of the finding of a prior conviction, a judge may not find facts during the sentencing phase that would raise a defendant's sentence beyond the statutory maximum of the offense or offenses charged in the indictment and found by a jury beyond a reasonable doubt. Id. at 490. Here, Petitioner was charged in the indictment and found guilty beyond a reasonable doubt by a jury of violating 18 U.S.C. § 1951, which has a statutory maximum of 20 years. Even with the sentencing enhancements, Petitioner was sentenced to 87 months, which falls well short of the maximum 240 months to which this Court could have sentenced him without violating Apprendi. Therefore, Petitioner cannot validly assert an Apprendi violation or ineffectiveness of Trial Counsel for failure to argue such a violation occurred.

6

were adequate to deserve encouragement to proceed further.'" Santana v. U.S., No. 04 CV 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case.

## CONCLUSION

After reviewing the filings and the relevant portions of the record, which were entirely sufficient to dispose of this motion, the Court hereby DENIES both the motion and the issuance of a certificate of appealability. Morever, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is hereby DISMISSED with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

s/SJ

Dated: April 12, 2006
      Brooklyn, New York

Senior U.S.D.J.

P-049